BUTCHER v. MARTIN.

4-3953

Opinion delivered September 30, 1935.

G. W. Botts, for appellant.
Peyton Moncrief, for appellee.

HUMPHREYS, J. Appellee brought suit against appellant in the circuit court of Arkansas County to recover damages in the sum of $309.36, growing out of the sale and purchase of six oxen, and recovered judgment for $130, from which is this appeal.

Evidence was introduced in the trial of the cause to the jury pro and con upon the issue of whether appellant misrepresented the facts to appellee regarding the condition of the cattle and whether appellant concealed the fact from appellee that the cattle were under quarantine at the time and could not be moved.

The record reflects without dispute that on account of high water, appellant brought the oxen out of Desha County, an infected district, to a point near Gillett in Arkansas County, which was a free county or one not infected; that O. J. Hall, an employee of the Government Bureau for the Eradication of Ticks, upon their arrival, procured a warrant against appellant for a violation of the law in transporting the cattle from Desha

County to Arkansas County and procured his conviction for doing so; that appellant was fined $50 for the offense, and that the cattle were placed in quarantine and that appellant was ordered not to move them except back to Desha County by the same route he had brought them into Arkansas County; that, while they were in quarantine, the cattle were sprayed twice by O. P. Hall or his employees; that Hall gave appellant permission to sell the cattle but restricted their removal except back to Desha County; that apparently the cattle were sound and in good condition.

Appellant sold them on the night of June 29, 1928, to appellee for $490 and received a check in payment for them, which was cashed the following morning. Appellee brought the cattle from the pasture or place at which they were in quarantine to Gillett for shipment to the St. Louis market, and put them in the stock pen when they arrived in Gillett at 11 o'clock, a. m. O. P. Hall, the government agent, ordered appellee to return them to the pasture where he got them and refused to allow him to ship them; whereupon appellee attempted to stop the payment of the check and, failing to do so, attempted to bring the cattle back and get his money, but appellant refused to receive them and appellee put them in the pasture, where two of them died within two days and a third later on. In the fall, he drove the other three back to Dumas in Desha County, and shipped them from that point to the market and sold them.

Appellee testified that he purchased the cattle from appellant for immediate shipment by rail from Gillett to the market, and was not told by either O. P. Hall or appellant that the cattle were in quarantine and could not be moved except south into Desha County, and that the first he knew of the condition of the cattle was when Hall forbade him at the stock pen to ship them, and required him to place them back in quarantine.

Both Hall and appellant testified that they told appellee before he bought them that the cattle were in quarantine, and could not be moved except back to Desha County by the same route they had been brought into Arkansas County.

Based on this conflict in the evidence, the court submitted, under a correct instruction, the issue to the jury of whether appellee was deceived and defrauded, or whether he knew at the time of the purchase the cattle were in quarantine and could not be shipped out to the market from Gillett.

The jury found the issue against appellant.

Appellant contends for a reversal of the judgment on the ground that in the sale of chattels, where there is no express or implied warranty, the rule of *caveat emptor* applies. The cases cited by appellant in support of this general rule have no application in the instant case, because the issue submitted to the jury was one of deceit and fraud.

No error appearing, the judgment is affirmed.